In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-02-00308-CR
____________

RUBEN LOYA MORALES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 580265




O P I N I O N
           On November 1, 1990, appellant was charged with a once-enhanced felony offense
of aggravated sexual assault. Appellant pled no contest to the aggravated sexual assault
charge and the trial court assessed his punishment at 20 years’ confinement. In September
2001, appellant filed a motion for post-conviction DNA testing pursuant to the Texas Code
of Criminal Procedure. See Tex. Code Crim. Proc. arts. 64.01–64.05 (Vernon Supp. 2002). 
The convicting court concluded there was no evidence to test and denied appellant’s motion. 
Appellant appeals the convicting court’s denial of his motion for post-conviction DNA
testing allowed by chapter 64 of the Texas Code of Criminal Procedure.
Background
           Appellant’s affidavit states that, after his arrest, Houston Police Department
investigators took blood, semen, and pubic hair samples from him. Appellant states that he
was never informed whether a rape kit was taken as evidence, but believes that one was taken
and is still in the State’s possession. In its response, the State included an affidavit from K.L.
McGinnis of the Houston Police Department and an evidence record as proof that the
evidence in appellant’s case was destroyed on June 3, 1996 and May 29, 1998. Also attached
was the affidavit of Jim Bolding of the Houston Police Department Crime Lab, stating that
there was no evidence in the Crime Lab’s possession related to this case. Appellant did not
request a hearing on his post-conviction DNA motion, and the convicting court filed its
written order denying appellant’s motion.
Discussion
Post Conviction DNA Hearing
           In his first four points of error, appellant contends that the convicting court violated
his federal and state constitutional rights, (1) to due process by disposing of his motion for
post-conviction DNA testing in his absence and (2) to confrontation and cross-examination
of witnesses by disposing of the “final hearing” through affidavits.
           Appellant’s argument presumes that Chapter 64 requires the trial court to conduct an
evidentiary hearing to determine whether the evidence proposed to be tested exists. We have
held that no evidentiary hearing is required and the State is not required to accompany its
response with affidavits. Cravin v. State, No. ___, slip op. at ___ (Tex. App.—Houston [1st
Dist.] Dec. 12, 2002) (holding that the State is not required to accompany its response to
appellant’s motion with affidavits); see also Rivera v. State, No. 74,359, slip op. at 5 (Tex.
Crim. App. Nov. 6, 2002) (holding that an evidentiary hearing is not required in determining
whether DNA testing should be conducted).
           Appellant relies on the Sixth Amendment, claiming he had a right to be present at a
post-conviction DNA hearing and to cross-examine witnesses. In Cravin, we held that an
applicant for a post-conviction DNA proceeding does not have a constitutional right to be
present at a hearing nor does he have a right to cross examine witnesses. See Cravin, No.
___, slip op. at ___.
           Appellant also contends that his absence from the proceeding violated his rights under
the Due Process Clause.


 As provided by chapter 64, appellant was represented by appointed
counsel during the entire proceeding. See Tex. Code Crim. Proc. art. 64.01(c). The issue
decided by the convicting court was that no evidence exists. We hold that there was nothing
fundamentally unfair about the procedures implemented by the convicting court, and we
further hold that the procedures did not violate appellant’s constitutional rights. See Cravin, 
No. ___, slip op. at ___. We overrule appellant’s first four points of error.
Hearsay Objection
           In his fifth point of error, appellant claims that the court erred by admitting the State’s
affidavits in evidence against appellant during his post-conviction DNA motion hearing
because they were hearsay. In Cravin, we held that an evidentiary hearing is not required
when considering whether DNA evidence exists and that the State’s written explanations
need not be accompanied by affidavits. No. ___, slip op. at ___. We overrule appellant’s
fifth point of error.
Denial of Post-Conviction DNA Motion
           In his sixth point of error, appellant contends that the convicting court erred in
denying his motion for DNA testing because the State presented no formal evidence on
appellant’s post-trial DNA motion, and, consequently, the record was insufficient to establish
that no such materials were in possession of the State.
           This Court has held that it is not necessary for the State to file affidavits and that the
convicting court can rule on appellant’s motion based on the convicted person’s motion and
affidavit and the State’s written response. See Cravin, No. ___, slip op. at ___. Although,
the response itself is not in the record, it is clear from the Court’s findings and order that the
State’s response provided an explanation to the court of why the State could not produce the
evidence. It is also clear from the Court’s findings and order that the State’s response was
sufficient for the court to find that no evidence existed. We overrule appellant’s sixth point
of error.
Conclusion
           We affirm the convicting court’s denial of appellant’s post-conviction DNA motion.
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Radack.
Do not publish. Tex. R. App. P. 47.